Sally L. MADISON, Plaintiff-Appellee,

v.

UNITED FINANCE COMPANY, INC., Defendant-Appellant.

Barbara PICKETT, Plaintiff-Appellee,

v.

UNITED FINANCE COMPANY, INC., Defendant-Appellant.

Nos. 77–1036, 77–3938.

United States Court of Appeals, Ninth Circuit.

March 14, 1978.

Richard F. Deich (argued), Portland, Ore., for defendant-appellant.

Richard A. Slotte (argued), Portland, Ore., for plaintiff-appellee.

# 1126

Before BROWNING and HUFSTED-LER, Circuit Judges, and BONSAL *, District Judge.

PER CURIAM:

These consolidated appeals present the issue of whether the disclosure requirements imposed upon a lender by the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, and specifically Regulation Z, § 226.8(b)(5), were violated by the language of the Security Agreement—Chattel Mortgages before this court.

The plaintiff-appellee in each of these consolidated appeals entered into a consumer credit transaction with defendant, United Finance Company. A disclosure statement, promissory note, and security agreement was signed by each plaintiff. Copies of these documents were given to each plaintiff at the time of the signing. Complaints were later filed by both borrowers for money damages pursuant to the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.*, to recover statutory damages, attorney's fees, and the cost of the suit. The cases were submitted to the district court in each case upon cross motions for summary judgment.

The district court held that in both instances the defendant had failed to clearly identify the property to which the security interest attached, thus violating Regulation Z, § 226.8(b)(5).

■ The introductory provision of the Truth In Lending Act states that the purpose of the subchapter is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit." 15 U.S.C. § 1601. Regulation Z, § 226.8(b)(5) requires the lender to include in his disclosure statement a description or identification of the type of any security interest held or to be retained or acquired by the creditor in connection with the extension of credit. To satisfy the requirements of § 226.8(b)(5) the goods must be so clearly identified as to preclude any reasonable question regarding the particular goods to which the security interest attaches.

■ The agreement before this court stated the security interest covered:

All of the household goods now owned, together with all other goods and chattels hereafter acquired by Debtor and attached thereto or kept therewith, and located in or about Debtor's residence at their address set forth, or at any other address to which the same may be removed, including (but not limited to) the following.

Twenty-five items of household goods were then listed upon the agreement.

We hold that inclusion of the words "or kept therewith" prevents the agreement from complying with the meaningful disclosure requirement of Regulation Z, § 226.-8(b)(5). Taken literally that phrase would render the description so broad that any goods in the possession of the borrower would fall within the purview of the security agreement if they were near other property of the borrower; in other words, "kept therewith". The language is so vague as to deny the borrower any fair opportunity to know what items, other than those listed, would be subject to the security interest in the lender.

Affirmed.

* Honorable Dudley B. Bonsal, Senior United States District Judge, Southern District of New York, sitting by designation.